DeGRANGE *v.* KLINE, ET UX.

[No. 306, September Term, 1968.]

*Decided June 24, 1969.*

The cause was argued before HAMMOND, C. J., and MARBURY, MCWILLIAMS, FINAN and SINGLEY, JJ.

*Calvin E. Johnson,* with whom was *Harry I. Kaplan* on the brief, for appellant.

*Irvin N. Caplan,* with whom was *Robert J. Romadka* on the brief, for appellees.

MARBURY, J., delivered the opinion of the Court.

Charles Edward DeGrange appeals from an order of the Circuit Court of Baltimore City dated October 1,

1968, which, after a hearing, dismissed his petition for custody of his minor child, Charles Edward DeGrange, Jr., and granted the custody of the boy to the appellees, K. S. Kline and his wife June Kline on their cross petition for custody.

The appellant DeGrange married his third and present wife, Barbara DeGrange, on October 27, 1959, and one child Charles Edward DeGrange, Jr., whose custody is the subject of this proceeding, was born on April 23, 1962. Appellant has two other children by his previous marriages, both of whom are in the custody of their mothers. In the summer of 1964, Mrs. DeGrange left their marital home in New Jersey and went to Florida with her son in the company of a male friend. Appellant traveled to Florida to bring his family home. On their return trip, appellant left his wife and son with the appellees Kline, where they stayed for three months. Mrs. Kline is the appellant's sister. Thereafter, the mother and child returned to New Jersey to live with the appellant. The DeGranges separated in March or April of 1966, and Charles Jr. remained with his mother. A support agreement was reached by the DeGranges, but the appellant admitted that he never paid any of the support that he was obligated to pay, explaining that his wife had disappeared.

During the period between August 1966 and July 1967, DeGrange did not see his son. He testified that he did not know where the boy was staying. However, in July 1967, he discovered that the boy was living with the appellees and went to visit him at their house. After the appellees refused to surrender the child to DeGrange he brought this action for custody of his son.

The issue on appeal is whether the lower court erred in awarding custody of the boy to his aunt and uncle instead of to his natural father.

Following his dishonorable discharge from the United States Air Force after a court-martial conviction for larceny, the appellant has been steadily employed as a tool and die maker. He testified that he worked from six to

seven days per week, averaging a seventy-hour work week. If awarded custody of his son, he stated that he would leave the boy at the home of his employer's wife during the day and pick him up at night after work.

Mrs. DeGrange, the estranged wife, testified that her husband was not a fit and proper person to have custody of their son, explaining that he drank and worked too much. Appellee June Kline stated that she had observed the appellant give his son alcoholic drinks. DeGrange admitted that once in a while he would give his son some beer and that he had occasionally taken him to a tavern.

The record contains much testimony that when the Klines took custody of the boy he was in poor health. A neighbor described Charles as "very nervous, pale, underweight" when he first came to live with the appellees. The Klines have given him proper medical attention and have procured treatment for the child's heart murmur. According to several witnesses, since the appellees have been raising the child his health and habits have improved considerably. Mr. and Mrs. Kline, who have no children of their own, both exhibited a strong desire to raise the boy as their own son. Although Mrs. Kline was employed at the time of the hearing she testified that she and her husband planned to move to Middlesburg, Pennsylvania, and that she would quit her job.

At common law, the father was usually entitled to custody and control of his minor children, which arose from his obligations to support, protect, and educate them. *Hild v. Hild,* 221 Md. 349, 157 A. 2d 442; *Ross v. Pick,* 199 Md. 341, 86 A. 2d 463. In Maryland, the father and mother are the joint natural custodians of their minor children and are equally charged with their support, education and welfare. Code (1967 Repl. Vol.), Article 72A, Section 1. In fact, this Court has indicated that:

> "Where parents claim the custody of a child, there is a *prima facie* presumption that the child's welfare will be best subserved in the care and custody of its parents rather than in the

custody of others, and the burden is then cast upon the parties opposing them to show the contrary."

*Trenton v. Christ,* 216 Md. 418, 420, 140 A. 2d 660, 661, quoting *Ross v. Pick, supra.*

Despite this presumption the best interests of the child is the paramount consideration, *Orndoff v. Orndoff,* 252 Md. 519, 250 A. 2d 627; *Shanbarker v. Dalton,* 251 Md. 252, 247 A. 2d 278; *Breault v. Breault,* 250 Md. 173, 242 A. 2d 116, and "this holds true even when it means denial of the custody to the parents, or either of them." *Dietrich v. Anderson,* 185 Md. 103, 116, 43 A. 2d 186, 191. For instance where a natural parent has been denied custody of his child, see *Melton v. Connolly,* 219 Md. 184, 148 A. 2d 387; *Trenton v. Christ,* and *Ross v. Pick,* both *supra.*

Applying these principles to the facts of this case we cannot say that the lower court, after it had the opportunity to hear and observe the witnesses, was clearly erroneous in continuing custody in the appellees. The appellant is presently separated from the child's mother, who has apparently little or no interest in the boy. The record is devoid of any convincing testimony that De-Grange would be a fit and proper person to raise the child. Admittedly, he works long hours six and seven days a week, fifty-two weeks per year. If he were awarded custody of the child, the youth would be in the hands of others during the day and a part of the night. On the other hand, the evidence has established that the appellees are fit and proper persons and this Court concludes that the child's welfare can best be promoted by leaving him in the custody of his aunt and uncle.

*Order affirmed. Costs to be paid by the appellant.*