## KATHRYN A. WILLIAMS *v.* JIMMIE D. WILLIAMS

[No. 604, September Term, 1972.]

*Decided July 9, 1973.*

The cause was argued before CARTER, MENCHINE and SCANLAN, JJ.

*Harvey B. Steinberg,* with whom were *Miller, Miller & Steinberg* on the brief, for appellant.

*Carl Lee Frederick* for appellee.

CARTER, J., delivered the opinion of the Court.

The appellant, Kathryn A. Williams (wife) was denied a divorce from Jimmie D. Williams (husband) by the Circuit Court for Montgomery County. The decree, however, awarded the custody of the minor child of the parties (Jeffrey) to the wife, without making any provision for the child's support or visitation rights of the husband. It also awarded the wife counsel fees in the sum of $850, deposition costs of $102.21, and $1,000 for her private investigator. The husband was awarded a divorce a vinculo matrimonii under his cross bill and did not appeal. The wife's sole contention is that the decree is in error in failing to require the husband to contribute to the support of the minor child.

The supporting opinion points out that the evidence adduced established the parties were first married on December 21, 1952. The husband obtained an absolute divorce on July 2, 1956, and the parties remarried on October 2, 1967. Jeffrey was born on September 14, 1959, or during the period subsequent to the divorce and prior to the remarriage. In commenting upon this situation, the chancellor said in his opinion: "There was nothing in the record to specifically reflect that the child born out of wedlock [Jeffrey] has been legitimated." Later in the opinion he further stated: "It is the Court's opinion that since no

judicial determination of the paternity of Jeffrey Duane has been made no order for his support and maintenance should be decreed. * * * " The opinion urged that appropriate proceedings be instituted in behalf of the child under the provisions of Art. 16, § 66, the section on Paternity Proceedings (Art. 16, §§ 66A-66P), and Art. 93, § 1-208.

### MINOR CHILD'S LEGITIMACY CONTROLS WHETHER SUPPORT MAY BE AWARDED IN THIS DIVORCE CASE OR MUST BE DETERMINED UNDER THE PATERNITY STATUTES

It is well settled that a father is under a common law duty to support his legitimate child during its minority. See *Kriedo v. Kriedo*, 159 Md. 229, 231, 150 A. 720; *Blades v. Szatai*, 151 Md. 644, 647, 135 A. 841. In speaking of the extent to which the common law rule has been changed in Maryland, the Court of Appeals said in *DeGrange v. Kline*, 254 Md. 240, 242, 254 A. 2d 353:

> "At common law, the father was usually entitled to custody and control of his minor children, which arose from his obligations to support, protect, and educate them. *Hild v. Hild*, 221 Md. 349, 157 A. 2d 442; *Ross v. Pick*, 199 Md. 341, 86 A. 2d 463. In Maryland, the father and mother are the joint natural custodians of their minor children *and are equally charged with their support*, education and welfare. Code (1967 Repl. Vol.), Article 72A, Section 1.[1] * * * " (emphasis added)

In 10 Am. Jur. 2d Bastards § 67, it is stated:

> "* * * [G]eneral statutes which, without specific reference to illegitimates, impose on a parent or other person the duty of supporting a minor child

---

1. Md. Code, Art. 72A, § 1 provides in pertinent part:

   "The father and mother are the joint natural guardians of their minor child and are jointly and *severally charged with its support*, care, nurture, welfare and education. They shall have equal powers and duties, * * *." (emphasis added)

are uniformly held to apply to legitimate children only * * *." (See cases cited)

In conformity with the uniform interpretation of child support statutes, we hold that Art. 72A, § 1 applies only to legitimate children. If, therefore, Jeffrey is found to be legitimate, an appropriate order for his support may be passed, under the general law relating to child support, as a part of the decree in this case.

Md. Code, Art. 16, §§ 66A-66P entitled "Paternity Proceedings" is patently designed to provide a special procedure for fixing the amount that the father of an illegitimate child is required to contribute to its support and to prescribe a remedy for the enforcement of any support order. See *Quinan v. Schneider*, 247 Md. 310, 313, 231 A. 2d 37. In 10 Am. Jur. 2d Bastards § 68, it is stated:

> "These [paternity statutes] and other statutory provisions making the father of an illegitimate child responsible for its support and providing remedies for the enforcement of such responsibility are generally regarded as the *exclusive basis of liability*. * * * " (emphasis added)

We think it is clear from the provisions of the Paternity Act (§§ 66A-P of Art. 16) that it was the legislative intent to make it the exclusive basis in this State for enforcing the obligation of a putative father to support his illegitimate child. If, therefore, the child is not found to be legitimate, the matter of his support by the husband must be processed under Art. 16, §§ 66A-66P, and the chancellor would be without jurisdiction to determine the matter in the instant divorce case.

## COMPLIANCE WITH ARTICLE 93, SECTION 1-208 LEGITIMIZES A CHILD FOR PURPOSES OF SUPPORT AND VISITATION RIGHTS AS WELL AS INHERITANCE

The pleadings in this case show that the husband repeatedly acknowledged in writing that he was the father

of Jeffrey. He did so in his answers to his wife's bill and supplemental bill as well as in his cross bill and supplemental cross bill. The record also shows that he verbally acknowledged his paternity in his testimony at the trial. All of these acknowledgments were made subsequent to the remarriage of the parties in October 1967.

Md. Code, Art. 93, § 1-208 provides:

"A person born to parents who have not participated in a marriage ceremony with each other shall be deemed to be the child of his mother. He shall be deemed to be the child of his father only if his father (1) has been judicially determined to be the father in a proceeding brought under Section 66E of Article 16, (2) has acknowledged himself, in writing, to be the father, (3) has openly and notoriously recognized the person to be his child, or (4) has subsequently married the mother and has acknowledged himself, orally or in writing, to be the father."

In *Thomas v. Solis*, 263 Md. 536, 283 A. 2d 777, the Court of Appeals held that a father of illegitimate children was entitled to a judicial declaration concerning his duty to support and his right of visitation under the provisions of Art. 93, § 1-208. The Court further held that the rights of a child legitimized under this statute were not confined to the right to inherit from its father. In so holding, the Court said at 542:

"This Court has recognized both in *Dawson v. Eversberg, supra,* [257 Md. 308, 262 A. 2d 729] and *Holloway v. Safe Deposit & Trust Co.*, 151 Md. 321, 335, 134 A. 497 (1926),[2] that a legitimation provision

---

**2.** In *Dawson, supra,* the Court held that where a child was legitimized under the provision of Art. 93, § 1-208, its rights and duties were not confined to inheriting from the father. In so holding, the Court pointed out that after compliance with § 1-208, the father was "free to seek" a judicial declaration as to whether the child would be required to contribute to his support in the event he became destitute in accordance with Md. Code, Art. 27, § 104. In *Holloway, supra,* the Court held that the rights of a child legitimized under Md. Code, Art. 46, § 6 (now repealed) were not confined to the right to inherit from its father. The provisions of Art. 93, § 1-208(4) are substantially the same as those of former Art. 46, § 6.

contained in an inheritance statute is not limited in its scope and application to matters of inheritance only. There certainly should be little that is startling about such a concept, for the reason that no right or privilege in the history of the common law, or in statutory law, is accorded greater sanctity than the right of inheritance. If the law provides a means of legitimation for the purposes of inheritance, such a procedure should certainly be of sufficient legal validity to establish other rights, ofttimes inferior to that of inheritance, arising from the relationship existing between parent and legitimate issue.

"The trend of the courts throughout the country is to give a liberal interpretation to legitimation statutes or legislation which seeks to achieve that purpose, * * *."

At 544 *Ibid.*, the Court further said:

"* * * He [the father] would therefore appear to have satisfied the second and third of the four provisions for legitimation provided in Article 93, Sec. 1-208, *any one of which is sufficient to legitimatize the children.*" (emphasis added)

The undisputed evidence in this case, as heretofore related, if believed, would constitute full compliance with the requirements of Art. 93, § 1-208 (4). Under the liberal interpretations accorded to § 1-208 by the holdings in *Thomas, supra,* and *Dawson, supra,* a compliance with its provisions would legitimize Jeffrey for rights "inferior to that of inheritance."

We hold that under the rationale of the cases cited these "inferior rights" would clearly include the child's right to support from its father (husband) and the father's right of visitation. Therefore the chancellor's ruling that the evidence before him was legally insufficient to justify a finding that the child "has been legitimated" for these purposes was in error.

## JUDICIAL PREDETERMINATION OF
## PATERNITY NOT REQUIRED

We also think that the chancellor's ruling that a judicial predetermination of the paternity of Jeffrey was necessary in order for his support and maintenance to be decreed in this case, was likewise in error. There is no provision in subsection (4) of § 1-208 which requires that the paternity of a child be judicially predetermined. While subsection (1) of § 1-208 does require a judicial predetermination of whether the reputed father is in fact the natural father, this subsection applies only to proceedings under the Paternity Act (Art. 16, § 66E). Furthermore, there is a reason for the requirement of judicial predetermination under subsection (1) which does not exist in regard to subsection (4). In proceedings under the Paternity Act, the reputed father often times disputes his paternity and consequently, a judicial determination of the question then becomes necessary to establish the child's paternity before he can become entitled to be legitimated. No such reason, however, exists in regard to subsection (4), which is applicable only in situations where the father has *voluntarily acknowledged his paternity* after a marriage to the mother.

We therefore hold that a judicial predetermination of paternity was not required as a condition precedent to the application of Art. 93, § 1-208 (4), under the facts of this case.

### CONCLUSION

There was no dispute concerning the material facts required to be established to legitimize Jeffrey in accordance with the provisions of Art. 93, § 1-208 (4). As heretofore mentioned, both parties *agreed* that after the birth of Jeffrey his mother and father were lawfully remarried and the father thereafter acknowledged his paternity. In these circumstances, we hold as a matter of law that Jeffrey was legitimated pursuant to the cited statute. We therefore further hold that the chancellor was in error in failing to require the husband to contribute support for Jeffrey, to fix the amount thereof, and to determine the husband's

corresponding rights of visitation.[3] The case will therefore be remanded for further proceedings to enable the chancellor to determine these matters. `

*Divorce and custody provisions of the decree affirmed.*

*Case remanded for further proceedings in accordance with this opinion.*

*Appellee to pay costs.*

---

**3.** The record shows that after the decree was filed, the wife promptly filed a motion to have the chancellor reconsider that portion of the decree which failed to require the husband to provide support for Jeffrey on the basis that his legitimacy had not been established. The husband answered setting forth that he did not contest the award of custody to the wife. He also stated that he was willing to contribute a reasonable amount toward the child's support, provided he was permitted visitation rights in accordance with a schedule set forth in his answer. The motion and answer were not acted upon by the trial court, however, because the wife filed an appeal to this Court in the interim, which divested the chancellor of jurisdiction pending the appeal.