**Rita MASSEY, a minor child by her mother and next friend, Marguerite Smith**

v.

**Caspar W. WEINBERGER, Secretary, Department of Health, Education and Welfare.**

**Civ. A. No. M–74–331.**

United States District Court,
D. Maryland.

April 7, 1975.

Dennis W. Carroll, Baltimore, Md., for plaintiff.

George Beall, U. S. Atty., and Virginia S. Draper, Asst. U. S. Atty., and Henry Goldberg, Atty., Office of the Gen. Counsel, Social Security Div., Dept. of Health, Ed. and Welfare, Baltimore, Md., for defendant.

## MEMORANDUM AND ORDER

JAMES R. MILLER, Jr., District Judge.

This action arises in this court for review of the final decision of the Secretary of Health, Education and Welfare denying the plaintiff, a minor, benefits as a surviving child under the Social Security Act (the Act) based upon her deceased father's social security earnings record. The parties have filed cross-motions for summary judgment.

This action began before the Social Security Administration on April 26, 1972, when Marguerite Smith filed an application on behalf of her minor daughter, plaintiff Rita Massey, for surviving child's insurance benefits on the account of the deceased wage earner, Willie Massey (Tr. 59–62). The application was denied initially on August 17, 1972, and upon reconsideration on January 24, 1973 (Tr. 63, 66–69). On April 16, 1973, the mother requested a hearing before an administrative law judge of the Bureau of Hearings and Appeals, Social Security Administration, Department of Health, Education and Welfare (Tr. 14–15). A hearing was held on August 17, 1973, at which the mother and her attorney appeared for the plaintiff (Tr. 16–58). On August 22, 1973, the administrative law judge issued a decision denying plaintiff's claim (Tr. 8–12). That decision became the final decision of the Secretary when it was affirmed

by the Appeals Council on January 31, 1974 (Tr. 3).

The pertinent undisputed facts are that plaintiff Rita Massey was born in Baltimore, Maryland on January 17, 1958 (Tr. 10, 20). She is the natural daughter of Marguerite Smith and the deceased wage earner Willie Massey (Tr. 9–12, 20). Miss Smith and Mr. Massey were never married (Tr. 23). Plaintiff has always lived with her mother and has never lived with Willie Massey (Tr. 22). On April 3, 1972, Willie Massey died a fully insured individual under the Social Security Act (Tr. 12). At the time of his death, Willie Massey was receiving disability insurance benefits (Tr. 12). During his lifetime Willie Massey openly and notoriously recognized Rita Massey as his child (Tr. 64, 68).[1]

Although plaintiff has raised a number of issues in this appeal, in the view that the court takes of the case only one issue need be discussed and decided. That issue relates to the effect of the Maryland statute found in *Md.Ann.Code*, Est. & Tr. Art., § 1–208(b)(1974).

Section 202(d) of the Act, 42 U.S.C. § 402(d), provides in pertinent part:

"(d)(1) Every child (as defined in section 416(e) . . .) of an individual entitled to old-age or disability insurance benefits, or of an individual who dies a fully or currently insured individual, if such child—

"(A) has filed application for child's insurance benefits,

\* \* \* \* \* \*

"(C) was dependent upon such individual—

\* \* \* \* \* \*

"(ii) if such individual has died, at the time of such death, or

---

1. At oral argument before the court, counsel for defendant engaged in the following colloquy with the court, conceding that the deceased wage earner openly and notoriously recognized the plaintiff as his child:

"THE COURT: Now, on that point, if I may get something clear again, on that

point, there is no question, is this correct, that the Government concedes that there was open and notorious—

"MR. GOLDBERG: That is correct. That's—the reconsideration determination clearly states open and notorious . . . ."

"(iii) if such individual had a period of disability which continued until he became entitled to old-age or disability insurance benefits, or (if he has died) until the month of his death, at the beginning of such period of disability or at the time he became entitled to such benefits,

shall be entitled to a child's insurance benefit for each month, beginning with the first month after August 1950 in which such child becomes so entitled to such insurance benefits . . . .

\* \* \* \* \* \*

"(3) A child shall be deemed dependent upon his father or adopting father or his mother or adopting mother at the time specified in paragraph (1)(C) of this subsection unless, at such time, such individual was not living with or contributing to the support of such child and—

"(A) such child is neither the legitimate nor adopted child of such individual . . . ."

Section 216(e) of the Act, 42 U.S.C. 416(e), provides:

"(e) The term 'child' means (1) the child or legally adopted child of an individual . . . ."

Thus, according to above quoted sections of the Act, while only a "dependent" child can recover, § 202(d)(1)(C), a "legitimate" child is deemed to be a dependent child for the purposes of the Act, § 202(d)(3)(A).

*Md.Ann.Code*, Est. & Tr. Art., § 1–208(b) (1974) provides:

\* \* \* \* \* \*

"(b) Child of his father.—A child born to parents who have not participated in a marriage ceremony with each other shall be considered to be the child of his father only if the father

"(1) Has been judicially determined to be the father in an action under the statutes relating to paternity proceedings; or

"(2) Has acknowledged himself, in writing, to be the the the father; or

"(3) Has openly and notoriously recognized the child to be his child; or

"(4) Has subsequently married the mother and has acknowledged himself, orally or in writing, to be the father."

Plaintiff contends that the admittedly open and notorious recognition by Willie Massey of plaintiff as his child has worked to legitimate her under the provisions of the Maryland statute, which in turn, under the provisions of § 202(d)(3)(A) of the Social Security Act, has rendered it unnecessary for her to prove actual dependence upon the deceased wage earner for support in order to qualify for social security benefits as a surviving child.

■ Recent Maryland cases have established that this statute, although contained in an inheritance statute section of the Maryland Code, is not limited in its scope and application to matters of inheritance only. *Dawson v. Eversberg*, 257 Md. 308, 262 A.2d 729 (1970), was a case in which a father wished to adopt his illegitimate children, over the objection of the mother, for the sole purpose of legitimating them. In remanding the case, the Court of Appeals of Maryland noted there was "a less traumatic" resolution of the question than was originally made by the lower court judge, namely that compliance with § 1–208 would act to legitimate the children.

In *Thomas v. Solis*, 263 Md. 536, 283 A.2d 777 (1971), the Maryland Court of Appeals again interpreted § 1–208. In that case a father brought an action for a judicial declaration that he was the father of three illegitimate children and for a declaration concerning his rights and liabilities. In response to the argument that a father seeking to legitimate a child under Maryland law had no recourse other than a bastardy proceeding, the court stated:

"This Court has recognized both in *Dawson v. Eversberg, supra,* and *Hol-*

*loway v. Safe Deposit & Trust Co.,* 151 Md. 321, 335, 134 A. 497 (1926), that a legitimation provision contained in an inheritance statute is not limited in its scope and application to matters of inheritance only. There certainly should be little that is startling about such a concept, for the reason that no right or privilege in the history of the common law, or in statutory law, is accorded greater sanctity than the right of inheritance. If the law provides a means of legitimation for the purpose of inheritance, such a procedure should certainly be of sufficient legal validity to establish other rights, ofttimes inferior to that of inheritance, arising from the relationship existing between parent and legitimate issue." 263 Md. at 542, 283 A.2d at 780.

The court went on to note that "the trend of the courts throughout the country is to give a liberal interpretation to legitimation statutes or legislation which seeks to achieve that purpose  . . . ." *Ibid.* The court, in remanding the case for further consideration, also noted that if the facts alleged in the pleadings were accepted

". . . Thomas 'has acknowledged himself in writing to be the father of the children' and 'has openly and notoriously recognized' the children to be his. He would therefore appear to have satisfied the second and third of the four provisions for legitimation provided in Article 93, Sec. 1–208,[2] *any one of which is sufficient to legitimatize* the children." 263 Md. at 544, 283 A.2d at 781. (Emphasis supplied).

The Maryland Court of Special Appeals in *Williams v. Williams,* 18 Md. App. 353, 306 A.2d 564 (1973), held that § 1–208 legitimated a child and held that the "inferior rights" referred to in the first quoted section of *Thomas, supra,* "would clearly include the child's right to support from its father." 18 Md. App. at 358, 306 A.2d at 567. Even assuming, *arguendo,* defendant's position that legitimation does not accrue by virtue of § 1–208 for *all* purposes, this court concludes that if § 1–208 is sufficient to establish right to support from the father, it is likewise broad enough to entitle the plaintiff here to social insurance benefits provided through her deceased father under the statutory scheme of the Social Security Act which equates legitimacy with dependency.

Defendant has argued that the decision of the Maryland Court of Appeals in *Penman v. Ayers,* 221 Md. 154, 156 A.2d 638 (1959), demonstrates that § 1–208 does not confer full legitimation and that the Maryland courts adhere to the rule ". . . that the common law disabilities of illegitimates are relaxed or removed only to the extent that the Legislature has seen fit to remove them by statute." 221 Md. at 160, 156 A.2d at 641.

*Penman* decided, under the statutes in existence at that time,[3] that an illegitimate child cannot inherit from a legitimate brother. At the time *Penman* was decided, the intestate succession law provided in § 6 of Art. 46, *Md.Ann.Code* (1957):

"If any man shall have a child or children by a woman whom he shall

2. This citation refers to the 1957 edition of the Annotated Code of Maryland, as amended. That code provision was substantially the same as the present statute.

3. The statute in effect at the time *Penman* was decided provided specifically that illegitimate children, with one exception, could inherit only from their mother, other illegitimate children and descendants of other illegitimate children. *See Penman,* 221 Md. at 158, 156 A.2d 638. The current law, § 1–

208, provides simply that an illegitimate child "shall be deemed a child of his mother" under all circumstances and "shall be deemed the child of his father" under certain circumstances enumerated therein. Thus § 1–208 places an illegitimate child in the bloodstream of his parents for inheritance purposes and would permit children who qualify under § 1–208 to inherit from their parents' legitimate children as a half-brother under §§ 1–204 and 3–104.

afterwards marry, such child or children, if acknowledged by the man, shall, in virtue of such marriage and acknowledgment, be hereby legitimated, and capable in law to inherit and transmit inheritance, as if born in wedlock."

Section 7 of the same Article provided:

"The illegitimate child or children of any female, and the issue of any such illegitimate child or children, shall be capable in law to take and inherit both real and personal estate from their mother, or from each other, or from the descendants of each other, as the case may be."

Pursuant to these sections, the court in *Penman* ruled that an illegitimate child who did not meet § 6 could only inherit pursuant to § 7. Children who did not meet § 6 were not legitimated and therefore did not enjoy full inheritance rights. The court reasoned:

"In our opinion, the statute, Art. 46, Sec. 7, does not make an illegitimate son a brother or half brother of a legitimate child of the common mother. That illegitimates may take as between themselves is clear, but the statute does not purport to be a legitimation statute, as Sec. 6 of the same Article clearly is. The Legislature has moved only in a limited way to remove the disabilities of illegitimates." 221 Md. at 161, 156 A.2d at 642.

The modern counterpart to § 6 is § 1–208. In § 1–208 the Legislature placed illegitimate children whose father either:

(a) had been judicially determined to be the father in paternity proceeding, or;

(b) had acknowledged the child to be his in writing, or;

(c) had openly and notoriously recognized the child to be his child;

on an equal basis with those illegitimate children whose fathers had subsequently married the mother and acknowledged the child. As it did in interpreting the old § 6,[4] the Maryland Court of Appeals has subsequently ruled that § 1–208 is a legitimation statute. *Thomas v. Solis, supra; Dawson v. Eversberg, supra.* Thus like the children who met the old § 6, children who meet the current § 1–208 are legitimated, and enjoy full inheritance rights, including the right to inherit from their legitimate half-brother.

The administrative law judge below concluded that § 1–208 did not legitimate the plaintiff, distinguishing the *Dawson* and *Thomas* cases, *supra,* in that here

"no legal action was completed by the mother or the putative father to protect the inheritance rights of the child; therefore, Rita Massey would not be deemed a child under the laws of Maryland in the devolution of the intestate personal property of Willie Massey." (Tr. 11).

That conclusion is erroneous. Although *Dawson* and *Thomas* involved situations in which a legal determination was sought, § 1–208 does not make such situation a prerequisite to the application of the statute. On the contrary, it indicates that the status of legitimation may come about by any one of four methods, only the first of which requires a judicial determination. *See Williams, supra,* 18 Md.App. at 359, 306 A.2d 564; *see also Thomas, supra,* at 544, 283 A.2d at 781 ("any one of which [the four methods] is sufficient to legitimatize the children").

For the above reasons, this court holds that Rita Massey was a legitimate child of the decedent, Willie Massey, within the meaning of § 202(d)(3)(A) of the Social Security Act. The Secretary, therefore, made an error of law in determining that Rita Massey was not entitled to benefits as a surviving child under said Act. Accordingly plaintiff is

4. See *Holloway v. Safe Deposit and Trust Company,* 151 Md. 321, 335, 134 A. 497 (1929); *Penman v. Ayers,* 221 Md. 154, 161, 156 A.2d 638 (1959).

entitled to have her motion for summary judgment granted and to have the defendant's crossmotion for summary judgment denied.