STATE OF MARYLAND *v.* IRVIN RAWLINGS

[No. 245, September Term, 1977.]

*Decided January 12, 1978.*

The cause was submitted on briefs to GILBERT, C. J., and THOMPSON and MOORE, JJ.

Submitted by *Francis B. Burch, Attorney General, F. Ford Loker, Assistant Attorney General, Warren B. Duckett, State's Attorney for Anne Arundel County,* and *Joseph Reina, Assistant State's Attorney for Anne Arundel County,* for appellant.

Submitted by *Paul M. Kirby* and *Anthony P. Palaigos* for appellee.

THOMPSON, J., delivered the opinion of the Court.

The State appeals from an order of the Circuit Court for Anne Arundel County signed by Judge W. Harvey Beardmore dismissing a criminal information against Irvin Rawlings, the appellee, for abandoning and failing to support his minor child.[1] The question that we are called upon to decide is whether an individual can properly be charged with criminal non-support under *Md. Code,* Art. 27, § 88 (b) (1) when the child is illegitimate.

The case arose out of a criminal information filed against the appellee charging him with a violation of § 88 (b) (1) which provides:

> "(b) Desertion of child. — (1) Any parent who deserts or wilfully neglects to provide for the support and maintenance of his or her child under the age of 18 is guilty of a misdemeanor and upon conviction is subject to a fine not exceeding $100, or imprisonment not exceeding three years, or both."

In dismissing the indictment the trial judge ruled the term child, as used in the statute, only refers to "legitimate children where the question of paternity is not at issue." On

---

1. The State appeals under Md. Code, Courts & Judicial Proceedings Article § 12-302 (c), which provides: "In a criminal case, the State may appeal: (1) From a final judgment granting a motion to dismiss or quashing or dismissing any indictment, information, presentment, or inquisition; and (2) From a final judgment if the State alleges that the trial judge failed to impose the sentence specifically mandated by the Code."

appeal the State makes three attacks on this ruling. It argues the construction: (1) is improper, (2) it discriminates against illegitimate children in contravention of the equal protection clause, and (3) it amounts to a denial of procedural due process. We will discuss all of the contentions together.

The State's argument under the first contention is twofold. First, it argues the word "child" as used in the statute refers to both legitimate and illegitimate children. Second, it argues that any dispute as to paternity is irrelevant because paternity is just another element of the crime which the State must establish. Although we agree with the State that the term child refers to legitimate and illegitimate children, we cannot agree with the State's second proposition.

The legislature, in its rules of statutory interpretation, defined child in *Md. Code,* Art. 1, § 16 as follows:

> "The word child or its equivalent shall be construed to include any illegitimate child, except in matters of inheritance, descent or distribution of real and personal property, unless such a construction would be unreasonable."

The object of § 88 (b) (1) is to "provide directly for unsupported ... children ... by fear of punishment...." *Ewell v. State,* 207 Md. 288, 295, 114 A. 2d 66 (1955), quoting *State v. Moran,* 99 Conn. 115, 121 A. 277 (1923). This purpose is as applicable to an illegitimate child as to a legitimate child, thus interpreting the word child in the criminal statute to include illegitimate children is not unreasonable.[2] The problem is that before a parent can be convicted of *wilfully* failing to support his child, paternity must first be admitted or established. We find the State's argument that paternity can be established during the criminal proceeding inapposite, in light of the statutory scheme.

We start with the general proposition that statutes which relate to the same general subject matter and which are not

---

2. In Williams v. Williams, 18 Md. App. 353, 306 A. 2d 564 (1973), we stated in dicta that the word child as used in Art. 72A, § 1 only referred to legitimate children. In construing the statute we relied on a general rule of construction stated in 10 Am. Jur.2d Bastards § 67 without considering the effect of Art. 1, § 16.

inconsistent must be construed together and harmonized to the extent possible. *Police Commissioner v. Dowling,* 281 Md. 412, 379 A. 2d 1007 (1977). The question of child support for illegitimate children and the establishment of paternity calls into focus four statutes: Art. 16, §§ 66A-P (Paternity Act), Estates and Trusts Article § 1-208, Courts & Judicial Proceedings Article § 3-602, and Art. 27, § 88 (b) (1). In construing the latter we cannot ignore the existence of the other statutes.

In enacting §§ 66A-P, the legislature intended to provide a means by which paternity could be established and the basic obligation of support for illegitimate children could be enforced. *Corley v. Moore,* 236 Md. 241, 203 A. 2d 697 (1964). The Court of Appeals again reviewed the statutory scheme in *Quinan v. Schneider,* 247 Md. 310, 313, 231 A. 2d 37 (1967) and stated:

> "It is manifest that the Legislature intended the Paternity Act to occupy and control the field of disputed paternity."

As part of the statutory scheme the legislature created a detailed procedure for determining the paternity of a child. Under the Paternity Act the court can order the mother, child, and putative father to submit to blood tests. If the defendant is found to be the father, the court may order him to post bond for the support of the child. Even though the action is in equity, the defendant is entitled to a jury trial and he may not be required to testify. The Act provides that the complainant can be represented by the State's Attorney, and in any event he must approve the institution of the proceedings. It requires the complaint to be filed within two years of the birth of the child or if the putative father has provided support or acknowledged the child, within two years of the date of the last acknowledgment or provision of support. In this way the Act attempts to provide a uniform means for identifying the father. *See People v. Estergard,* 169 Colo. 445, 457 P. 2d 698 (1969).

While the Paternity Act was intended to control the field of disputed paternity, it is not now the exclusive basis for

establishing paternity. In *Md. Code,* Estates and Trusts Article, § 1-208 the legislature stated when an individual is deemed to be the parent of a child. Section 1-208 provides:

> "*Illegitimate child.*
>
> "(a) *Child of his mother.* — A child born to parents who have not participated in a marriage ceremony with each other shall be considered to be the child of his mother.
>
> "(b) *Child of his father.* — A child born to parents who have not participated in a marriage ceremony with each other shall be considered to be the child of his father only if the father
>
> "(1) Has been judicially determined to be the father in an action brought under the statutes relating to paternity proceedings; or
>
> "(2) Has acknowledged himself, in writing, to be the father; or
>
> "(3) Has openly and notoriously recognized the child to be his child; or
>
> "(4) Has subsequently married the mother and has acknowledged himself, orally or in writing, to be the father."

Although the statute deals with inheritance, the Court of Appeals in *Thomas v. Solis,* 263 Md. 536, 542, 283 A. 2d 777 (1971), held the provision "is not limited in its scope and application to matters of inheritance only." The Court went on to note:

> "There certainly should be little that is startling about such a concept, for the reason that no right or privilege in the history of the common law, or in statutory law, is accorded greater sanctity than the right of inheritance. If the law provides a means of legitimation for the purposes of inheritance, such a procedure should certainly be of sufficient legal validity to establish other rights, ofttimes inferior to that of inheritance, arising from the relationship existing between parent and legitimate issue." *Id.* at 542.

In *Williams v. Williams, supra,* we utilized this language and held that when a child met the requirements of § 1-208 (b) (4) the question of paternity and the obligation of support could be adjudicated in divorce proceedings. Since *Thomas v. Solis, supra,* and our decision in *Williams, supra,* the legislature has amended *Md. Code,* Courts and Judicial Proceedings Article, § 3-602. Subsection (a) (2) of that section provides:

> (a) *Jurisdiction of courts of equity.* — A court of equity has jurisdiction over the custody, guardianship, legitimation, maintenance, visitation and support of a child. In exercising its jurisdiction, the court may:
>
> . . .
>
> "(2) Determine the legitimacy of a child, pursuant to § 1-208 of the Estates and Trusts Article of this Code."

The net effect of the statutory scheme seems to be that unless paternity has been admitted by prior acts or declarations it must be determined under the provisions of the Paternity Act. There is a good reason for our interpretation because the determination of the paternity of illegitimate children presents special problems. Although the situation has improved, proof of paternity remains an inexact science. *See* Shaw and Kass, *Illegitimacy, Child Support, and Paternity Testing,* 13 Houston L. Rev. 41, 47 (1975). Once an individual is accused of being the father of the child he may have a difficult time rebutting the charge. The legislature recognized the problem and after weighing the various interests involved provided for uniform procedures for determining disputed paternity coupled with a set statute of limitations to protect the rights of the alleged father.[3] The State admitted below it was trying to circumvent these

---

3. The State argues that the two year statute of limitations for establishing paternity contained in Art. 16, § 66 (e) amounts to a denial of procedural due process because the wilful failure to support a child under § 88 (b) (1) is a continuing offense. As this question was not raised below, we declined to consider it. Md. Rule 1085; Devine Seafood, Inc. v. Attorney General, 37 Md. App. 439, 377 A. 2d 194 (1977) cert. granted 12-23-77; Hall v. State, 22 Md. App. 240, 323 A. 2d 435 (1974).

procedures to avoid being confronted with the two year limitation provision contained in Art. 16, § 66 (e). This we cannot allow because while it is reasonable to remove the effect of two year limitations when there has been a clear confession of paternity, to do so otherwise is to put an alleged father in an impossible position.

The requirement that the criteria of § 1-208 be met before a criminal charge can be filed charging a violation of § 88 (b) (1) is necessary for another reason. If paternity could be initially established under § 88 (b) (1), without a prior admission of paternity, an individual could reasonably believe he is not the father of the child yet be subject to a conviction for wilful non-support. A prior civil determination of paternity serves to inform the individual that he has legally been determined to be the father and if he wilfully fails to fulfill that obligation, criminal proceedings may be instituted.

The State argues that by refusing to allow paternity to be initially established in a criminal action an illegitimate child is being denied equal protection. This argument goes too far. We are not saying an illegitimate child is not covered by § 88 (b) (1). We merely hold that prior to the institution of a criminal action for support of an illegitimate child the case must fit within one of the requirements of § 1-208.[4] The classification concerning the establishment of paternity has a reasonable basis and thus does not deny equal protection. *See Mathews v. Lucas,* 427 U. S. 495, 96 S. Ct. 2755, 49 L.Ed.2d 651 (1976); *Wheeler v. State,* 281 Md. 593, 380 A. 2d 1052 (1977). *See also* discussion in *Ward v. State,* 37 Md. App. 34, 375 A. 2d 41 (1977).

The State anticipated this approach and argues that paternity need not be established prior to the criminal charges

---

4. We note that our holding in no way affects the requirement that the State prove each element of the criminal offense beyond a reasonable doubt. *See* e.g. State v. Grady, 276 Md. 178, 345 A. 2d 436 (1975). One element of the offense is, of course, that the individual is the father of the child. In prosecuting the criminal action the State must still establish the paternity of an illegitimate child, just as it must for a legitimate child. There is no hint in the record that in the instant case the appellant would come within § 1-208 (b) (2), (3), or (4). If so, of course, there is nothing to prevent new charges from being filed.

but that both civil and criminal actions can proceed concurrently under § 88 (b) (2) which provides:

"(2) Any parent charged with a violation of this section may be prosecuted in the jurisdiction where he or she or the child resides. Jurisdiction of a criminal court under this section is not affected by commencement of a civil support action before or after prosecution under this section."

We think a more reasonable interpretation of § 88 (b) (2) is that it allows concurrent jurisdiction in most support actions, but does not alter the procedural prerequisite that unless there have been prior acts or declarations satisfying the requirements of § 1-208 (b)(2)-(4), paternity must be established under the Paternity Act before the criminal charges can be instituted. In other words, once paternity is admitted, or judicially established under Art. 16, §§ 66A-P, support for an illegitimate child can be sought in either civil or criminal proceedings. This reading is consistent with the purposes behind both § 88 (b) (2) and Art. 16, §§ 66A-P as shown by the cases and statutes cited *supra.*

*Order affirmed.*
*Anne Arundel County to pay the costs.*