MATTER OF CHAMBERS

In Visa Petition Proceedings

A-22193564

*Decided by Board September 28, 1979*

(1) Under section 1-208 of the Estates and Trusts Article of the Maryland Code, an illegitimate child is considered to be the child of his father if the father (1) has been judicially determined to be the father in paternity proceedings; (2) has acknowledged himself, in writing, to be the father; (3) has openly or notoriously recognized the child to be his child; or (4) has subsequently married the mother and has acknowledged himself, orally or in writing, to be the father.

(2) Section 1-208 of the Estates and Trusts Article of the Maryland Code, although contained in an inheritance statute section of the Maryland Code, is a legitimation statute, under which legitimation may be accomplished by any one of four enumerated methods for the purpose of obtaining immigration benefits.

(3) Where, prior to the beneficiary's 18th birthday, the petitioner signed an affidavit acknowledging that he is the beneficiary's father, openly recognized the beneficiary as his daughter from her childhood, and continues to provide a home and support for her, the beneficiary has been legitimated in accordance with the law of Maryland.

(4) Where the beneficiary's mother formally relinquished custody of the beneficiary by giving her written consent to have the beneficiary live in the United States with the petitioner and the beneficiary resided with the petitioner in the United States for five years, during which the petitioner openly recognized the beneficiary as his daughter and legitimated her, the petitioner had legal custody of the beneficiary, and the legitimation will be recognized under section 101(b)(1)(C) of the Immigration and Nationality Act.

ON BEHALF OF PETITIONER: Hal Walls, Jr., Esquire
4604 Georgia Avenue, N.W.
Washington, D.C. 20011

BY: Milhollan, Chairman; Maniatis, Appleman, Maguire and Farb, Board Members

The petitioner appeals from a decision of the District Director dated February 26, 1979, in which the visa petition filed on behalf of the beneficiary as his daughter was denied on the ground that she was illegitimate and could not qualify as his child within the meaning of section 101(b)(1) of the Immigration and Nationality Act, 8 U.S.C. 1101(b)(1). The appeal will be sustained.

117

The record reflects that the petitioner is a 40-year-old native of Jamaica[1] who currently resides in Maryland. The beneficiary is a native and citizen of Jamaica who was born out of wedlock on April 17, 1961. The record reflects that the beneficiary has resided in the United States with the petitioner during the past five years.

The District Director's denial of the visa petition was based upon his finding that the beneficiary was illegitimate at birth and that there was no evidence of her legitimation in accordance with the law of either the petitioner's or the beneficiary's residence. It was the District Director's conclusion that legitimation could only be accomplished under the law of Jamaica by marriage of the child's natural parents, and under the law of Maryland by marriage of the parents, formal adoption of the child by the parents, or legal proceedings to obtain a judicial declaration of legitimacy.

In an affidavit dated November 9, 1978, the petitioner acknowledged that he is the beneficiary's father and stated that he has never been married to her mother. Although the beneficiary's birth certificate does not include the name of her natural father, the petitioner has submitted a second affidavit, dated August 2, 1979, explaining that he was not in Jamaica at the time of the beneficiary's birth, so under Jamaican law his name could not be placed on her birth certificate. In a signed affidavit, dated January 11, 1979, the beneficiary's mother confirmed the petitioner's claim that he is the beneficiary's natural father and stated her desire to have the beneficiary live with her father in the United States. In addition, the petitioner has submitted the affidavit of a lifelong friend which avers that the petitioner has always provided support for the beneficiary and has openly recognized her as his child both in Jamaica and Maryland, a fact which he claims is well known in both communities.

In visa petition proceedings, the burden of establishing the claimed relationship is on the petitioner. *Matter of Brantigan,* 11 I&N Dec. 493 (BIA 1966). Thus, in order to accord the beneficiary immigration benefits, the petitioner must prove that she qualifies as his child within the meaning of the Act. The applicable statute is section 101(b)(1)

---

[1] We are unable to determine the petitioner's citizenship from the record. The Form I-130E, Petition To Classify The Status Of An Alien Relative For The Issuance Of An Immigrant Visa, submitted by the petitioner, provides only for a United States citizen to indicate the means by which his citizenship was acquired. It does not affirmatively indicate whether the petitioner is a lawful permanent resident of the United States or what his citizenship is if he is not a United States citizen. Thus, it does not permit us to accurately ascertain whether the visa petition was filed to accord the beneficiary immediate relative status under section 201(b) of the Act, 8 U.S.C. 1151(b), or preference status under section 203(a)(2), 8 U.S.C. 1153(a)(2). We believe, therefore, that this form does not adequately apprise the Board of information which, in many circumstances, is essential to a proper determination of the case on appeal.

which provides in pertinent part:

(1) The term "child" means an unmarried person under twenty-one years of age who is—

    (C) a child legitimated under the law of the child's residence or domicile, or under the law of the father's residence or domicile, whether in or outside the United States, if such legitimation takes place before the child reaches the age of eighteen years and the child is in the legal custody of the legitimating parent or parents at the time of such legitimation....

Therefore, the petitioner must prove that the beneficiary has been legitimated in accordance with the law of either Jamaica or Maryland prior to her 18th birthday and that the petitioner had legal custody of the beneficiary at the time of legitimation.

On appeal, counsel for the petitioner argues that the District Director erred in concluding that judicial proceedings or marriage of the parents is required in order to accomplish legitimation of an illegitimate child under the law of Maryland. He contends that the Maryland law now in effect permits a father to legitimate his child by acknowledging himself to be the father in writing or by openly and notoriously recognizing the child as his.

In light of the petitioner's representations made on appeal we have examined the law of Maryland to determine the legal requirement for legitimation in that state. Section 1-208 of the Estates and Trusts Article of the Maryland Code provides:

Illegitimate child.

    (a) Child of his mother.—A child born to parents who have not participated in a marriage ceremony with each other shall be considered to be the child of his mother.

    (b) Child of his father.—A child born to parents who have not participated in a marriage ceremony with each other shall be considered to be the child of his father only if the father

        (1) Has been judicially determined to be the father in an action brought under the statutes relating to paternity proceedings; or

        (2) Has acknowledged himself, in writing, to be the father; or

        (3) Has openly and notoriously recognized the child to be his child; or

        (4) Has subsequently married the mother and has acknowledged himself, orally or in writing, to be the father.

*Md. Est. & Trusts Code Ann.* section 1-208 (1974).

Recent Maryland cases have established that this statute, although contained in an inheritance statute section of the Maryland Code, is not limited in its scope and application to matters of inheritance only. *See State* v. *Rawlings,* 38 Md. App. 479, 381 A.2d 708 (Md. 1978); *Williams* v. *Williams,* 18 Md. App. 353, 306 A.2d 564 (Ct. Spec. App. 1973); *Thomas* v. *Solis,* 263 Md. 536, 283 A.2d 777 (Md. 1971); *Dawson* v. *Eversberg,* 257 Md. 308, 262 A.2d 729 (Md. 1970); *see also, Holloway* v. *Safe Deposit and Trust Co.,* 134 A.497 (Md. 1926). In these cases, the statute has been held applicable to accomplish the legitimation of a

child for purposes of determining the right of the father to visit his child and to prevent its adoption or removal by the mother, the right of a mother to obtain support for the child, and the criminal liability of the father for nonsupport.

The United States District Court for the District of Maryland has also ruled that section 1-208 is a legitimation statute, under which legitimation may have been achieved by any one of the four enumerated methods in order to render a child eligible for benefits as the surviving child of its father under the Social Security Act. *Allen* v. *Califano*, 452 F. Supp. 205 (D. Md. 1978); *Massey* v. *Weinberger*, 397 F. Supp. 817 (D. Md. 1975); *see also*, *Thomas* v. *Solis*, *supra*.

As support for the conclusion that section 1-208 is a general legitimating statute, both the Maryland and the United States District Courts have cited a provision in the Courts and Judicial Proceedings section of the Maryland Code which states:

(a) Jurisdiction of court of equity.—A court of equity has jurisdiction over the custody, guardianship, legitimation, maintenance, visitation and support of a child. In exercising its jurisdiction, the court may:

. . .

(2) Determine the legitimacy of a child, pursuant to section 1-208 of the Estates and Trusts Article of this Code.

*Md. Cts. & Jud. Proc. Code Ann.* section 3-602 (1974).

In addition, The Second Report of the Governor's Commission to Review and Revise the Testamentary Law of Maryland (1968) compared the new statute to the previous legitimation statute, *Md. Ann. Code Art.* 46, section 6 (1957), noting that:

The only change in substance made in this Section is the inclusion of a provision permitting an illegitimate child to inherit from a father who has been adjudicated as the father in a proceeding brought for that purpose or who has been judicially ordered to support the child. This Section also spells out more fully the procedure for legitimation by acknowledgment without a subsequent marriage as ... [was formerly] required by the Maryland law. It reflects the modern policy in the direction of mitigating the impact of illegitimacy.

Having considered these interpretations of Section 1-208 of the Maryland Code, we are convinced that legitimation can be accomplished under Maryland law not only by a judicial determination of legitimation in paternity proceedings or by marriage of the illegitimate child's parents, but also by the father's acknowledgment of the child in writing or his open and notorious recognition of the child as his own. We must, therefore, determine whether the petitioner has complied with the statutory requisites for legitimation under Maryland law.

On November 9, 1978, prior to the beneficiary's 18th birthday, the petitioner signed an affidavit acknowledging that he is the benefici-

ary's father. The affidavit of the petitioner's friend also avers that the petitioner has openly recognized the beneficiary as his daughter from her childhood and that he continues to provide a home and support for her at this time. Thus, it appears that two of the statutory provisions under Maryland law have been satisfied. Since these acts of legitimation occurred prior to the beneficiary's 18th birthday, we conclude that the beneficiary has been legitimated in accordance with the law of Maryland.

The only remaining issue is whether the beneficiary was in the petitioner's legal custody at the time legitimation took place.

The beneficiary has resided in the United States with the petitioner for five years, during which time the petitioner has continuously recognized her as his daughter. On January 11, 1979, the beneficiary's mother formally relinquished custody of the beneficiary in a signed affidavit, giving her consent to have the beneficiary live in the United States with the petitioner. Since the putative father of an illegitimate child has a right to custody of the child superior to all but the mother, the petitioner obtained legal custody of the beneficiary as of that date. *See Matter of Buenaventura,* 16 I&N Dec. 456 (BIA 1977); *cf., Matter of Dela Rosa,* 14 I&N Dec. 728 (BIA 1974). The petitioner's open recognition of the beneficiary as his child thereafter constitutes an act of legitimation under Maryland law. Since that act occurred subsequent to the time when the beneficiary was in his custody, we conclude that the petitioner has met the requirement of the statute that the beneficiary be in his legal custody at the time of legitimation.

We find that the beneficiary qualifies as the petitioner's child within the meaning of the Immigration and Nationality Act and is, therefore, eligible to receive immigration benefits by virtue of that relationship. Accordingly, the appeal will be sustained.

ORDER: The appeal is sustained and the visa petition is approved.